UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THEODORE CHRISTIAN,

                      Plaintiff,

        -against-

NEW YORK STATE HOMES AND
COMMUNITY RENEWAL,

                      Defendant.

1:25-CV-6018 (JPO)

ORDER OF SERVICE

---

J. PAUL OETKEN, United States District Judge:

      Plaintiff Theodore Christian, of the Bronx, New York, who is proceeding *pro se*, brings this action asserting claims of retaliation and employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State and City Human Rights Laws. He sues his former employer, New York State Homes and Community Renewal ("HCR"), a New York State agency.[1] Plaintiff seeks "Back Pay, Compensatory Damages, Punitive Damages, and a Legislative review of the legal loopholes that allow the perpetuation of systemic employment discrimination." (ECF No. 8 at 6.)

      By order dated August 13, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court directs service on HCR. In addition, because the Court construes Plaintiff's second amended complaint as also asserting claims against, at the very least, the unidentified HCR official responsible for Plaintiff's termination from HCR employment, under 42 U.S.C. § 1983, the Court directs the Clerk of Court to add, as an unidentified "John Doe" defendant, under Rule 21 of the Federal Rules of

---

[1] Plaintiff's second amended complaint (ECF No. 8) is the operative pleading for this action.

Civil Procedure ("Rule 21"), that unidentified HCR official. The Court further directs the Attorney General of the State of New York to identity the unidentified "John Doe" defendant and that defendant's service address, and to provide that information to Plaintiff and to the Court.

I. **Discussion**

    A. **Service on HCR**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the United States Marshals Service ("USMS") to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on HCR through the USMS, the Clerk of Court is instructed to fill out a USMS Receipt and Return form ("USM-285 form") for HCR. The Clerk of Court is further instructed to issue a summons for HCR and deliver to the USMS all of the paperwork necessary for the USMS to effect service upon HCR.

If the second amended complaint is not served on HCR within 90 days after the date that the summons for HCR is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date that the original complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the second amended complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that a summons for HCR issues.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

**B.      Claims under 42 U.S.C. § 1983**

The Court construes Plaintiff's second amended complaint as additionally asserting claims of retaliation and employment discrimination under 42 U.S.C. § 1983, arising from Plaintiff's former public employment with HCR, a New York State agency. The proper defendant with respect to a claim under Section 1983 in the public-employment context is the individual official who directly and personally violated the plaintiff's federal constitutional rights, not the public agency that employed the plaintiff. *Naumovski v. Norris*, 934 F.3d 200, 212 (2d Cir. 2019); *see Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). "Under this rule, courts have added individual defendants in actions whe[n] the complaint mentions them 'throughout the body of the [c]omplaint' as involved in the underlying alleged events." *Alexander v. City of New York*, No. 25-CV-0284, 2025 WL 861377, at *1 (S.D.N.Y. Mar. 19, 2025) (quoting *George v. Westchester Cnty. Dep't of Corr.*, No. 20-CV-1723, 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020) (second alteration in original)); *see Adams v. NYC Dep't of Corrs.*, No. 19-CV-5009, 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019). That is so because a court may add a party to an action, under Rule 21, when it is clear that the plaintiff intended to name that party as a defendant but inadvertently failed to do so. *See Fullewellen v. City of New York*, No. 21-CV-7219, 2021 WL 4940984, at *2 (S.D.N.Y. Sept. 14, 2021); *see also Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("In so

far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

Plaintiff does not name the individual HCR official responsible for the termination of his HCR employment as a defendant. In naming HCR, his former public employer, as a defendant, and asserting claims of retaliation and employment discrimination against that defendant under Title VII, it appears that he intended to also name the unidentified HCR official responsible for his termination from HCR employment as a defendant as well but inadvertently failed to do so. In light of Plaintiff's *pro se* status and his allegations, the Court understands Plaintiff's second amended complaint as asserting claims, under Section 1983, against the unidentified HCR official responsible for Plaintiff's termination from his HCR employment. Accordingly, the Court directs the Clerk of Court to add this individual as an unidentified "John Doe" defendant in this action, under Rule 21. This amendment is without prejudice to any defenses that defendant, once identified, may wish to assert.

### C. Unidentified "John Doe" defendant

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant and ascertaining that defendant's service address. 121 F.3d 72, 76 (2d Cir. 1997). In the second amended complaint, Plaintiff supplies sufficient information to permit HCR to identify the unidentified "John Doe" defendant; he or she is that HCR official who is responsible for terminating Plaintiff's HCR employment on or about May 22, 2024. It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of HCR, must ascertain the identity of that unidentified "John Doe"

defendant and the address where that defendant may be served. The Attorney General must provide this information to Plaintiff and to the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file a third amended complaint naming that newly identified individual as a defendant and providing his or her service address. The third amended complaint will replace, not supplement, the original complaint, amended complaint, and second amended complaint. A third amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a third amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendant.

## II.     Conclusion

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to: (1) issue a summons for New York State Homes and Community Renewal; (2) complete a USM-285 form with the service address for that defendant; and (3) deliver all documents necessary to effect service of a summons and the second amended complaint (ECF No. 8) on that defendant to the USMS.

The Court further directs the Clerk of Court to add as a defendant, under Rule 21 of the Federal Rules of Civil Procedure, "John Doe HCR official who is responsible for terminating Plaintiff's HCR employment on or about May 22, 2024."

The Court additionally directs the Clerk of Court to mail a copy of this order and a copy of the second amended complaint (*id.*) to the Attorney General of the State of New York at 28 Liberty Street, New York, New York 10005.

A third amended complaint form is attached to this order.

SO ORDERED.

Dated: September 18, 2025
     New York, New York

                                               J. PAUL OETKEN
                                   United States District Judge

## SERVICE ADDRESS FOR DEFENDANT

New York State Homes and Community Renewal
641 Lexington Avenue
New York, New York 10022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

Do you want a jury trial?

☐ Yes    ☐ No

_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

# THIRD AMENDED
# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

I.     **PARTIES**

A. **Plaintiff Information**

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name      Middle Initial      Last Name

_____
Street Address

_____
County, City      State      Zip Code

_____
Telephone Number      Email Address (if available)

B. **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1: _____
    Name

_____
Address where defendant may be served

_____
County, City      State      Zip Code

Defendant 2: _____
    Name

_____
Address where defendant may be served

_____
County, City      State      Zip Code

Defendant 3:

Name

Address where defendant may be served

County, City            State            Zip Code

## II.   PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

Name

Address

County, City            State            Zip Code

## III.   CAUSE OF ACTION

### A.   Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race:

☐ color:

☐ religion:

☐ sex:

☐ national origin:

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

B. **Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

IV. STATEMENT OF CLAIM

A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☐ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☐ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): _____

B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____
_____
_____
_____
_____
_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

Page 5

### V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐ Yes (Please attach a copy of the charge to this complaint.)

    When did you file your charge? _____

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☐ Yes (Please attach a copy of the Notice of Right to Sue.)

    What is the date on the Notice? _____

    When did you receive the Notice? _____

☐ No

### VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☐ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____
_____
_____
_____

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                    Plaintiff's Signature

_____
First Name            Middle Initial            Last Name

_____
Street Address

_____
County, City                        State                        Zip Code

_____
Telephone Number                   Email Address (if available)


I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

## CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

| Address | City | State | Zip Code |

| Telephone Number | E-mail Address |

| Date | Signature |

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007